UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADVANTACLEAN SYSTEMS LLC, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> JDG ENVIRONMENTAL LLC et al., § <br> § <br> *Defendants*. § § § | Civil Action No. 3:23-CV-1655-X |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' JDG Environmental LLC and Joe Gillikin (collectively "Defendants") motion to dismiss Plaintiff AdvantaClean Systems LLC's ("ACS") claims for lack of personal jurisdiction and improper venue, (Doc. 12), and ACS's motion for injunction (Doc. 9). Defendants ask, in the alternative, that the case be transferred to the Western District of North Carolina.[1] For the reasons explained below, the Court **TRANSFERS** this cause of action to the Western District of North Carolina. The motion to dismiss is **DENIED WITHOUT PREJUDICE** so Defendants may refile in the transferee court if they please. Similarly, the motion for injunction is **DENIED WITHOUT PREJUDICE** so ACS may refile in the transferee court if it pleases.

---

[1] Doc. 13 at 9–12.

1

## I.    Factual Background

ACS is a franchisor for home and commercial restoration and remediation services.[2] JDG Environmental LLC ("JDG") is a limited liability company in Oklahoma, and Joe Gillikin ("Gillikin") is its owner and sole member.

In 2016, Defendants first became AdvantaClean franchisees while ACS was incorporated and headquartered in Huntersville, North Carolina. Then, in 2018, Defendants entered two Franchise Agreements with ACS to operate an AdvantaClean franchise in the Oklahoma City area. The agreements contained this forum-selection clause: "The parties expressly agree to the jurisdiction and venue of any court of general jurisdiction in Mecklenburg County, North Carolina and the jurisdiction and venue of the Western District of North Carolina."[3] The Franchise Agreements were effective September 18, 2018 through August 31, 2026 and included a non-compete provision for two years after the agreements were terminated.

Defendants then operated an AdvantaClean franchise in Oklahoma City. Later, in 2020, ACS moved its headquarters to Dallas, Texas.[4]

On June 12, 2023, Defendants sent ACS a "Notice of Breach," alleging that ACS breached the Franchise Agreements for making "an unauthorized financial

---

[2] At the motion to dismiss stage, the Court accepts all of ACS's well-pled facts as true. *Stokes v. Gann*, 498 F.3d 483, 484 (5th Cir. 2007) (per curiam).

[3] Doc. 13 at 12.

[4] Doc. 1-1 at 53.

2

performance representation"[5] to Defendants before they entered the agreements in addition to other claims of breach.[6] Two weeks later, ACS responded to Defendants and disputed the breach allegations against them. Then, on July 3, 2023, Defendant Gillikin emailed ACS with "Defendants' intention to abandon their AdvantaClean franchises" while letting ACS know that Defendants had "rebranded to BISON Restoration Services as of July 1."[7]

In response, ACS sent a "notice of default, notice of termination, and cease and desist" to Defendants, ending the Franchise Agreements on July 11, 2023. ACS then sued in this Court on breach of contract theories involving Defendants' decision to abandon the Oklahoma franchises and start Bison Restoration Services.

Defendants now move to dismiss ACS's complaint for lack of personal jurisdiction and improper venue. Importantly, Defendants argue, in the alternative, that the case should be transferred to the Western District of North Carolina under 28 U.S.C. § 1404.[8]

## II.  Analysis

The Court will address venue. Section 1404 authorizes a district court to *sua sponte* "transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[9] In

---

[5] *Id.* at 11.

[6] Doc. 1-5 at 3–6.

[7] Doc. 1 at 12.

[8] Doc. 13 at 9.

[9] 28 U.S.C. § 1404(a); *see also Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*.").

3

*Atlantic Marine,* the Supreme Court adjusted the § 1404(a) analysis in cases involving a forum-selection clause: "a proper application of § 1404(a) requires that a forum-selection clause be given controlling weight in all but the most exceptional cases."[10] The Fifth Circuit has indicated that *Atlantic Marine* is limited to cases involving mandatory forum-selection clauses.[11]

ACS argues that the forum-selection clause in the Franchise Agreements is permissive because it "obviously lacks any terms indicating a mandatory forum, such as 'exclusive,' 'only,' 'shall,' or 'must.'"[12] The Court agrees that the plain meaning of the clause is that it's permissive and not mandatory. So the Court will analyze the § 1404(a) factors without applying *Atlantic Marine*.

District courts analyze § 1404(a) transfers with private- and public-interest factors:

> Factors relating to the parties' private interests include relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Public-interest factors may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home

---

[10] *Atl. Marine Constr. Co. v. U.S. Dist. Court for W. D. of Tex.*, 571 U.S. 49, 60 (2013).

[11] *See Waste Mgmt. of La., L.L.C. v. Jefferson Par. Ex rel. Jefferson Par. Council*, 594 F. App'x. 820, 821 (5th Cir. 2014) (denying interlocutory appeal of district court decision finding that *Atlantic Marine* does not apply to permissive forum-selection clauses); *see also Awards Depot, LLC v. Trophy Depot, Inc.*, No. CV H-18-1838, 2018 WL 11352519, at *2 (S.D. Tex. Sept. 6, 2018) (Rosenthal, J.) ("The Fifth Circuit has indicated its approval of the approach of the majority of district courts, finding that *Atlantic Marine* does not apply to permissive forum-selection clauses.").

[12] Doc. 18 at 17.

with the law. The Court must also give some weight to the plaintiffs' choice of forum.[13]

Here, the private factors seem to be a wash. ACS argues that a transfer wouldn't make sense because none of the parties, counsel, or records are in North Carolina.[14] Defendants, as the moving party, have the burden of proving up these factors. But Defendants made no arguments about the practical implications of transferring the case to North Carolina. Their tactic was to argue that the forum-selection clause is mandatory—a straighter path no doubt. As the Court sees it, even if all of the witnesses and attorneys have to travel to North Carolina, the parties previously agreed that was okay. So, it's a draw.

Now let's see if the public factors are more illuminating. At least from 2022–2023, the Western District of North Carolina was less congested than this District.[15] And there certainly is an interest North Carolina has in deciding a case about a contract governed by North Carolina law with an express North Carolina forum-selection clause. The Court also gives weight to ACS's selection of venue in this District. Considering all of this, the public factors still weigh in favor of transferring.

The Court finds that under a § 1404(a) analysis, this case should be transferred to the Western District of North Carolina. The private factors are a wash, and the

---

[13] *Atl. Marine*, 571 U.S. at 62 n. 6 (cleaned up).

[14] Doc. 18 at 18.

[15] U.S District Courts—Civil Cases Commenced, by Nature of Suit and District, During the 12-Month Period Ending September 30, 2023, 3 (2023), https://www.uscourts.gov/sites/default/files/jb_c3_0930.2023_0.pdf (last visited Jan. 12, 2024) (statistic showing that there were 1,318 civil cases filed in the Western District of North Carolina and 5,333 civil cases filed in Northern District of Texas from Sept. 30, 2022 to Sept. 30, 2023).

public factors point to North Carolina. Given the parties' prior agreements—though not mandatory—the Western District of North Carolina is an acceptable venue.

### III.   Conclusion

The Court **TRANSFERS** this cause of action to the Western District of North Carolina, **DENIES WITHOUT PREJUDICE** the motion to dismiss, and **DENIES WITHOUT PREJUDICE** the motion for injunction so the parties may refile in the transferee court if they please.

**IT IS SO ORDERED** this 17th day of January, 2024.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE